SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111

TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
202-371-7370
EMAIL ADDRESS
SHAY.DVORETZKY@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

August 24, 2026

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

RE: *Soroban Capital Partners LP v. Commissioner*, Nos. 25-2079 & 25-2250: Response to the government's Federal Rule of Appellate Procedure 28(j) letter regarding *K Alain, L.L.L.P. v. Commissioner*, No. 24-60240, 2026 WL 2333930 (5th Cir. Aug. 12, 2026)

Dear Ms. O'Hagan Wolfe:

*K Alain* doesn't help the Commissioner.

*First*, *K Alain* didn't address the fatal jurisdictional problem, because the taxpayer didn't raise it: The IRS lacks authority, and the Tax Court lacks jurisdiction, to determine net earnings from self-employment (NESE) in TEFRA partnership-level proceedings, because NESE isn't a partnership item. Opening Br. 32-41; Reply 3-15. NESE isn't "required to be taken into account for the partnership's taxable year under any provision of subtitle A" of the Tax Code, and it isn't on Treasury's list of items "more appropriately determined at the partnership level." I.R.C. § 6231(a)(3) (2002). Put differently, "subtitle A" must "require[]" an item "to be taken into account for the partnership's taxable year." *Id.*; *see Monti v. United States* 223 F.3d 76, 82 (2d Cir. 2000); *Field v. United States*, 328 F.3d 58, 59 (2d Cir. 2003). But nothing in subtitle A requires partnerships to report NESE—and Treasury hasn't listed

NESE in the relevant regulation. The Tax Court thus lacked jurisdiction and its judgment must be reversed. Nothing in *K Alain* suggests otherwise.

*Second*, as the Fifth Circuit previously recognized, the ordinary meaning of "limited partner" when Congress enacted I.R.C. § 1402(a)(13)—as contemporaneous sources and decades of IRS and SSA guidance confirm—was "a partner with limited liability in a limited partnership." *Sirius Solutions, L.L.L.P. v. Commissioner*, 165 F.4th 374, 378-81 (5th Cir. 2026); Opening Br. 42-50. *K Alain* doesn't explain why the Fifth Circuit departed from its earlier (correct) understanding. Moreover, *K Alain*'s focus on individual partners' roles underscores the jurisdictional problem with using TEFRA partnership-level proceedings to determine non-partnership items.

*Third*, *K Alain* rejects the passive-investor standard the Tax Court applied here. Op. 9-11. So if the Court follows *K Alain*, it should remand for the Tax Court to apply that standard. Contrary to the IRS's argument, Soroban would prevail even under the Fifth Circuit's incorrect management-focused test. Soroban's governing documents bar its limited partners from managing or controlling the partnership. JA194; Opening Br. 51-53. And the IRS *stipulated* before the Tax Court that Soroban's "daily business operations" weren't "predominantly managed" by its limited partners. JA1175.

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky

*Counsel for Petitioners-Appellants*
*Soroban Capital Partners LP et al.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, its body contains 350 words, and (2) this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: Aug. 24, 2026

*/s/ Shay Dvoretzky*

Shay Dvoretzky

## CERTIFICATE OF SERVICE

I hereby certify that on Aug. 24, 2026, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Second Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

Dated: Aug. 24, 2026

*/s/ Shay Dvoretzky*

Shay Dvoretzky